Bouldin, J.,
delivered the opinion of the court.
This is an interesting case, and has been ably argued;. but, in our opinion, it is free from serious difficulty. It is the sequel of the case of Cowan v. Doddridge, reported in 22 Gratt. p. 458. By reference to that case, it will be seen that when the present constitution was adopted, the case was pending in the then District court of appeals at Abingdon, on a writ of supersedeas to a judg-. ment of the Circuit court of Pulaski county. The case was sent to the Supreme court of appeals, under the act of June 23d, 1870, Sess. Acts 1869-70, ch. 171, p. 227, § 2; and under the 5th section of the same act, same *581 page, the Court of appeals, on the 6th of March, 1871, entered the following order, sending the case to the Circuit court of Pulaski: “The papers and record in this case, which was pending in the District court when the present constitution took effect, and which was transferred by law to the Supreme court of appeals, having been received by the clerk of this court; and the said court not having jurisdiction of the said cause, it is ordered, that it be transferred to and dock■etted in the Circuit court of Pulaski county, whence the appeal was originally taken, there to be heard and finally disposed of as by an appellate court, according to lato.”
On the 20th day of September, 1871, the Circuit court of Pulaski entered the following order :
“ This cause came on this day to be heard upon the petition of the appellant and the plea tendered at the last term of this court, denying jurisdiction of this court, and was argued by counsel; and the court having semi and inspected the record, and being of opinion that it has not jurisdiction to review, reverse or affirm the judgment heretofore rendered by the Circuit court of Pulaski, on the 23d of September 1869, doth therefore direct that the cause be dismissed and stricken from the docket.”
A supersedeas to this order was awarded by a judge of this court; and at the June term 1872, a motion was made by the appellee, Doddridge, to dismiss the appeal as improvidently awarded; and this court being of opinion that the amount in controversy was below its jurisdiction, and being also of opinion that the constitutional right of the Circuit court to hear and finally dispose of the case as by an appellate court, had been directly adjudicated by this court, when under its order the cause was sent to the Circuit court to be so disposed of, held that an appeal did not lie from the order of the *582 Circuit court, and dismissed the same as improvidently awarded. But, on motion of the plaintiff in error, it was ordered that a writ of mandamus nisi be issued commanding the judge of the Circuit court to proceed to hear and finally dispose of the said cause as by an appellate court, according to law, unless at the present term of this court cause should be shown to the contrary. The judge made his return, stating, in substance, that he had stricken the case from his docket, without hearing it on the merits, because he was of opinion that he had no constitutional right to try the appeal; that the law requiring him so to do was unconstitutional; ■but that he regarded the opinion and order of this court as deciding that it was his constitutional right and duty to proceed with the cause; and in deference to that opinion he had caused the case to be replaced on his docket, with the purpose of trying it according to what he understood to be the opinion of this court; but. one of the parties insisting that he had misconceived that opinion, he had, at his instance, continued the cause, and made his return, in order that this court might definitively dispose of the question, either by discharging the rule or issuing a peremptory mandamus.
The case is now before us on this return.
The judge of the Circuit court was unquestionably right in his construction of the opinion and order of this court at its June term; and we are at some loss to conceive how any of the parties could for a moment suppose that the terms of the order were at all ambiguous. This court said, and intended to say, that it had already decided the constitutionality of the act requiring the Circuit court to hear and finally dispose of the class of cases referred to, as by an appellate court, when by its own order it sent this cause to the Circuit court to be heard and disposed of as aforesaid. It intended to treat *583 the constitutional right and duty of the Circuit court to hear and finally dispose of the cause as by an appellate court, as a closed question, closed by the judgment of this court iu that cause, and no longer open to appeal. But we feel no hesitation in saying, that we do not decide the question upon the ground alone of its being, res adjudícala in the cause. TJpon mature reflection, and after re-argument, we are fully satisfied that the law is constitutional; that under the constitution and laws of Virginia, it was the right and duty of the Circuit court of Pulaski, the judge thereof not being the same who presided at the trial of the case, to hear and finally dispose thereof, as by an appellate court.
The general power of the Legislature to regulate the jurisdiction of the Circuit courts is conferred by the constitution, and is unlimited, except so far as it may be restricted by the jurisdiction conferred by the constitution on other courts. The act in question only confers on the Circuit courts a special jurisdiction, ex necessitate reí, in a limited class of cases, in which no appeal lies to this court, and encroaches on no jurisdiction conferred by the constitution. "We see no constitutional objection to the legislation.
But it is insisted that con ceding the law referred to, to be constitutional, still the judgment of the Circuit court, dismissing the cause for want of jurisdiction, and striking it from the docket, is a final judgment in the cause; and the term at which this supposed judgment was rendered, having passed by, it is not competent to the appellate court, by mandamus, to compel in effect a rehearing of the cause.
If the premises were true, the conclusion might perhaps be conceded; for it certainly is not regular nor proper to use the writ of mandamus to review or rehear the judgments of a subordinate court; but the fallacy of *584 the argument consists in the assumption that there was a judgment in the cause; whereas the court positively - and unequivocally refused to pass on it at all, either “ to review, reverse or affirm the judgment;” and merely directed “ that the cause be dismissed and stricken from the docket.” It was a simple refusal to hear and decide the case; and this court having held that no appeal lies from such refusal, it is exactly the case to which the highly remedial writ of mandamus is most frequently applied, in order to prevent a defect or failure of justice. It issues at common law from the King’s Bench to compel inferior tribunals faithfully to execute their legitimate powers “ whenever the same are denied or delayed.” Tapping on Mandamus, p. 154, (marg. 105). “ Whenever there is a particular jurisdiction created by act of Parliament the court of K. B. may command the execution thereof by mandamus, and remove their proceedings by certiorari to see whether they have observed their authority;” ibid (marg. 106,) citing Rex v. Inhab. Glamorganshire 12, Mod. R. 403; “ be cause it is the duty of such court to correct the errors of inferior jurisdictions, and to grant a mandamus in all cases to which such writ is applicable, in order to prevent a failure of justice, or a public inconvenience by a defect thereof.” Ibid ubi sup. In obedience to these principles of the common law it was held in the ease of The King v. The Justices of Kent, 14 East. R. 395, that mandamus would he to compel the justices to hear and pass on an application of the journeymen millers, to rate their wages under an act of Parliament, which the justices had solemnly determined did not confer on them that power, and for which reason they had declined to hear the case on the merits. The case seems to be in all respects analagous to this. Lord Ellenborough said, “ We do not, however, by granting this mandamus, at all interfere with the exercise of that *585 •discretion which the Legislature meant to confide to the justices of the peace in session. We only say that they have a discretion to exercise; and therefore they must hear the application: but having heard it, it rests with them to act or not upon it as they think fit.” It is proper .to say that the case was one in which the act conferred on the justices a discretionary power to rate or not, as they might think proper. Grose J. agreed. Le Blanc J. said: “We only say that the justices have authority to act upon the subject matter of the application; and that they are to hear it, and then to determine whether in their discretion they think proper to fix a rate of wages.” Bayly J. “We tell the justices that they have authority by law to settle a rate of wages for the persons applying, but we do not say that they are to exercise that authority in this instance. Let them hear the application. The principles of that case were fully approved by this court in the case of Yeager, ex parte, 11 Gratt. 655.
Original jurisdiction to .award writs of mandamus upon these principles of the common law, has been conferred on this 'court by the Constitution and laws of the State; and in accordance therewith, we say to the judge of the Circuit court of Pulaski, that he has the constitutional power to hear and finally dispose of the cause re ferred to, as by an appellate court; and that it is his duty so to do.
After the close of the argument in this'ease, we were re ferred by the counsel for the defendant, to the case ex parte Rewman, 14 Wall. U. S. R. 152. We have carefully examined the case, and find nothing in it in conflict with the views expressed in this opinion. On the contrary they are directly sustained by that decision of the Supreme court. The mandamus was refused in that case, not because it was not a proper remedy to. compel the exercise of a jurisdiction belonging to and dis- *586 cl aimed by the inferior court, but expressly because that court had taken jurisdiction, and had acted on and decided the cause. In speaking of the writ of mandamus, however, the court say, p. 165, “ Applications for a mandamus to a subordinate court are warranted by the principles and usages of law, in cases where the subordinate court having jurisdiction of a case, refuses to hear and decide the controversy,” &c., &c. How, that is precisely what has occurred in this case. This court has held that the Circuit court of Pulaski has jurisdiction to hear and determine the cause in question as an appellate court; but that court, disclaiming jurisdiction, refuses “to review, reverse or affirm the judgment,” to hear the cause at all; but strikes it from the docket. "We could not ask for a more pertinent authority than ex parte Newman, for issuing a mandamus in just such a case.
Let a peremptory 'mandamus issue, commanding the judge of the Circuit court of Pulaski to hear and finally dispose of the cause in question, as by an appellate court, according to law.
The order was as follows:
Upon an alternative mandamus awarded at the last term and directed to the said Hon. John H. Fulton, judge as aforesaid, commanding him to proceed to hear and finally detrmine as by an appellate court, in pursuance of section 5 of chapter 171 of session acts of 1869-70, and in pursuance of the order of this court of the 6th day of March 1871, the cause of said John T. Cowan against C. E. Doddridge, which by said order is required to be transferred to and docketted in said Circuit court, there to be heard and finally disposed of as aforesaid, unless he should, on or before the 10th day of this term, appear here and show good cause to the contrary:
*587 This day came again the parties by their counsel, and the court having maturely considered the return made to the alternative mandamus aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said return is. insufficient. Therefore it is considered that a peremptory writ of mandamus be awarded, directed to the said Hon. John H. Fulton, judge of the said Circuit court for Pulaski county, commanding him to hear and finally dispose of, as by an appellate coui't, in pursuance of said section 5 of chapter 171 of the acts of Assembly of 1869-70, and of said order of this coui't of the 6th day of March 1871, the said cause of John T. Cowan against C. E. Doddridge, in said order and in said alternative mandamus mentioned.
Peremptory mandamus ordered.